# Gaston *v.* The State.

*Indictment for Shooting Gun along or across Public Road.*

1. *Trial and its incidents; incompetency of special judge to try case; when appointment of another special judge proper.*—Where, during the term of the court which is being presided over by a special judge, regularly appointed by the Governor, the presiding special judge refuses to try a criminal case, on the ground that his partner in the practice of law had prosecuted the defendant for the act charged in the indictment as a violation of a municipal ordinance, is legal and proper; and upon such refusal, by the presiding judge and upon the defendant declining to agree to the appointment of another judge, the appointment by the clerk of a special judge to try such case is, in all respects, regular.

2. *Shooting along or across public road; streets and sidewalks of a municipality within the meaning of the statute.*—The streets and sidewalks of an incorporated city or town are public roads within the meaning of the statute making it a misdemeanor for a person to shoot a gun or any other kind of fire arm along or across any public road, (Code of 1896, § 5354; Code of 1886, § 4095).

3. *Same; shooting across a part of a sidewalk of a municipality sufficient to warrant conviction.*—On a trial under an indictment for shooting along or across a public road, proof that the defendant shot across a part of a sidewalk of a street in an incorporated town or city, is sufficient to authorize a conviction under the statute.

4. *Same; sufficiency of defense.*—On a trial under an indictment for shooting along or across a public road, the fact that the defendant did not suppose the gun was loaded, constitutes no defense, if he was negligent in respect of ascertaining the condition of the gun at the time he fired it; and where there is evidence tending to show that the gun was purposely discharged, the question of negligence on the part of the defendant in ascertaining the condition of the gun, is properly submitted to the jury.

5. *Same; relevancy of evidence.*—On a trial under an indictment for shooting along or across a public road, where the defense interposed was that the defendant did not suppose the gun was loaded, and the evidence showed that the shot passed through a window and mutilated the picture of a political leader which was hanging therein, upon the question as to whether or not·the gun was purposely discharged at said picture, it is competent to prove the declarations of the defendant as to his purpose to mutilate the picture and his reference to it, as that of a person who was exciting strong antagonisms

[Gaston v. The State.]

along with strong partisanship; and as showing a purpose to mulilate and hence his purpose to shoot, it was competent to show the fact of mutilation, by proof that the ball passed through the picture.

6. *Criminal law; error without injury.*—A judgment of conviction in a criminal case will not be reversed for the erroneous introduction of irrelevant evidence, when it is clearly shown that the error complained of was without injury to the defendant.—(Code of 1896, § 4333).

APPEAL from the Circuit Court of Madison.

Tried before the Hon. E. H. FOSTER, Special Judge.

The appellant was indicted, tried and convicted for shooting a gun along or across a public road. When the cause was called for trial, John H. Sheffey, Esq., was on the bench presiding instead of the regular Judge, Hon. H. C. Speake, who was unable to preside by reason of sickness. John H. Sheffey, Esq., was regularly appointed special judge by the Governor, under and by virtue of the authority conferred by the act of the General Assembly, approved February 18, 1895, (Acts, 1894–95, p. 1137). Upon the cause being called, special judge Sheffey made the following statement from the bench: "Gentlemen, I am incompetent to try this case, because my partner, Capt. Humes, prosecuted this defendant before the Mayor of Huntsville, in the case of the Mayor and Aldermen of the city of Huntsville against this same defendant; and I know as a fact that the prosecution before the mayor was for the same act the defendant is prosecuted for in this case. So, if you gentlemen can not agree on a judge to try this case, the clerk of the court will appoint a judge." Thereupon the defendant, through his counsel, declined to agree to the appointment of a judge and contended that special judge Sheffey was competent to try the case, and objected to the appointment of another special judge. Against his objection the clerk of the court appointed E. H. Foster, Esq., an attorney of the court, to try the case, as special judge. To each of the steps in the appointment of E. H. Foster, Esq., as special judge, the defendant separately excepted. Upon E. H. Foster taking the bench, the defendant filed two pleas to the jurisdiction of the court, the grounds of which were that special judge Sheffey was competent to try the case, and that E. H. Foster, should not have been appointed.

Each of these pleas were overruled, Judge Foster holding that he had jurisdiction to try the case, and to each of these rulings the defendant separately excepted.

Upon the introduction of one Eugene Gill as a witness for the State, he testified that the defendant when he fired the gun was standing on the sidewalk near the Huntsville Hotel, in the city of Huntsville; that he fired towards the window in the hotel. The witness was then examined in rebuttal by the solicitor and stated that the street in front of the Huntsville Hotel and in which the shooting took place, was 50 or 60 feet wide, including sidewalk. The solicitor then asked the witness, "What did the bullet go through?" To this question the defendant objected, on the ground that it called for irrelevant, illegal and immaterial evidence. The court overruled the objection and the defendant duly excepted. The witness answered: "It went through a plate glass window and a picture of William J. Bryan which was in the window." To this answer the defendant objected, and moved the court to exclude same from the jury, because it was immaterial and irrelevant, where the bullet went or what it went through. The court overruled the objection, and the defendant duly excepted. The defendant then moved the court to exclude from the jury all of that part of the witness's answer which referred to Mr. Bryan's picture being in the window upon the ground that the same was irrelevant and immaterial and calculated to prejudice the jury against the defendant. The court overruled the motion and allowed the evidence to go to the jury and defendant duly excepted.

One Bob Jones was introduced as a witness for the State and testified that he heard a gun fired on the night referred to and saw a hole in the window of the hotel. The solicitor then asked the witness this question: "What sort of hole was in the window and how large was it?" To this question the defendant objected because it called for irrelevant, illegal and immaterial evidence. The court overruled the objection, and the defendant duly excepted. The witness then answered that it made a round hole most as large as his thumb. The defendant objected to this evidence and moved the court to exclude the same from the jury, because it was irrelevant and immaterial; the court overruled the motion and allowed the same to go to the jury, and defendant

duly excepted. The solicitor then asked the witness:
"What kind of window was it?" To this question the
defendant objected because it called for irrelevant and
immaterial testimony. The court overruled the objec-
tion, and the defendant duly excepted. The witness
then answered: "It was a thick French plate glass
window." To this answer the defendant also objected
and moved the court to exclude same from the jury.
The court overruled the motion and objection, and al-
lowed the answer to go to the jury, and defendant duly
excepted.

The defendant as a witness in his own behalf testified
that the gun which was fired was a 22-calibre target
rifle; that he did not know it was loaded at the time it
was fired; that a short time before he had the rifle, and
that its owner had tried to extract an exploded shell
from it; and that when he took the gun from the owner
in front of the hotel standing on the sidewalk, he did
not know that it had been re-loaded; that he snapped
the gun and it fired. On cross-examination, the solic-
itor asked the witness this question: "When you fired
the gun, didn't you say there is old Bryan's picture, and
I will just shoot his eye out, damn him, and aimed at
him and hit him?" To this question the defendant ob-
jected, because it called for irrelevant and immaterial
evidence. The court overruled the objection, and de-
fendant duly excepted. The witness said that he never
said anything about Mr. Bryan, and that he did not
curse. The defendant objected to the answer also for
the same reason he objected to the question, and moved
the court to exclude it from the jury. The court over-
ruled the objection and motion, and allowed the answer
to go to the jury, and the defendant duly excepted.

There were other witnesses for the defendant whose
evidence corroborated his testimony as to his having had
the gun a short time before it was fired, and trying to
extract an exploded shell from it.

The State introduced a witness, who, in answer to a
question which was asked, against the objection and ex-
ception of the defendant, testified that at the time the
rifle was fired, he heard the defendant mention the name
of Bryan with an oath, and saw him take the rifle down
from his shoulder, which he was pointing towards Mr.
Bryan's picture.

[Gaston v. The State.]

The court, in its general charge, instructed them, among other things, as follows : (1.) "If you find that the gun was fired along or across a street in an incorporated city or town, then that is public road within the meaning of the statute." (2.) "The mere fact that the defendant did not know the gun was loaded, does not show that it was accidental, if he handled it in a negligent way." To each of these portions of the court's general charge the defendant separately excepted. The defendant also separately excepted to the court's refusal to give each of the following charges requested by him : (1.) "If the jury believe the evidence in this case, they must find the defendant not guilty." (5.) "A street in an incorporated city or town is not a public road within the meaning of the statute under which defendant is indicted." (6.) "A sidewalk on one of the streets of an incorporated city or town is not a public road within the statute under which the defendant is indicted." (8.) "If the jury find from the evidence that the gun had had an exploded cartridge shell in it on the night the defendant fired it, and before he did fire it and this fact was known to the defendant, and that he had been trying to get the shell out and could not do so, and the shell had afterwards been gotten out by some one else without defendant's knowledge, and the defendant presented the gun and pulled the trigger, thinking the exploded shell was still in the gun and not knowing it had been taken out, and the gun loaded, then your verdict must be not guilty." (9.) "The gun must have been fired by the defendant intentionally. If he did not know the gun was loaded your verdict must be not guilty."

SHELBY & PLEASANTS and W. D. TAYLOR, for appellant.—The special judge presiding at the term of the circuit court at which this case was tried, was competent ; and, therefore, the appointment of another special judge was unauthorized.—*Ex parte State Bar Association*, 92 Ala. 113 ; *Cullen v. Drane*, 18 S. W. Rep. 590 ; *Railway Co. v. Mackney*, 18 S. W. Rep. 949 ; *Newman v. State*, 49 Ala. 9 ; 12 Amer. & Eng. Encyc. of Law, pp. 41, 42, 56, 57.

Shooting across a part of a sidewalk of a street of Huntsville was not a violation of the statute.—Code of 1896, § 5354 ; Code of 1886, § 4095.

[Gaston v. The State.]

A wrongful act, and a wrongful intent must concur to constitute what the law deems a crime, and this is held where the offense charged is purely statutory, and intent not expressly named as an ingredient of the offense. *Adler v. State*, 55 Ala. 16 ; *Marshall v. State*, 49 Ala. 21 ; *Freiberg v. State*, 94 Ala. 91.  In the case at bar, if the defendant pulled the trigger of the gun with the reasonable belief that there was an exploded shell in it, and thinking the gun would snap instead of fire, then his act was unintentional and not within the statute.—*Stein v. State*, 37 Ala. 123 ; *Gordon v. State*, 52 Ala. 308 ; *Clifton v. State*, 73 Ala. 473.

WILLIAM C. FITTS, Attorney-General, for the State.

McCLELLAN, J.—We entertain no doubt that the recusation of the special judge on the ground that his partner in the practice of law had prosecuted the defendant for the act charged in this indictment as a violation of a municipal ordinance was proper and legal, and that the appointment by the clerk of a special judge was in all respects regular.

It is clear, too, we think, that a street of an incorporated town or city is a public road within the language and intent of section 5354 of the Code (1896), and the sidewalks of such street, that part of it used by pedestrians, is as much a part of the road as a space between the sidewalks, that part used for the passage of vehicles and beasts of burden.

Under the statute it is no more essential to guilt that one charged with shooting across the road, should shoot entirely across it, from side line to side line, than it is that one charged with shooting along the road should shoot entirely along it from end to end.  Hence it is of no avail to the defendant in this case that his missile passed only across a part of the sidewalk of a street.

On the trial in this case the fact that defendant did fire a gun across a part of the sidewalk of a public street in the city of Huntsville, the ball passing through a window of an adjacent building, was not only proved by disinterested witnesses but was admitted by the defendant himself.  The only defense attempted was that the defendant did not suppose the gun was loaded, as he had seen it on the previous evening when it had an exploded

[Gaston v. The State.]

shell so fastened in the barrel that he and others were at that time unable to extract it. Notwithstanding this supposition on his part he might still be guilty as charged if he was negligent in respect of ascertaining the condition of the gun at the time he presented it and pulled the trigger. And this whole matter was properly submitted to the jury on the assumption that they might find that the defendant entertained the supposition in question. But even that was an open question, for there was evidence tending to show that the gun was purposely discharged at and to mutilate a picture which was in the window. And this question, too, we assume was properly submitted to the jury. On this inquiry, it was entirely proper to show declarations of defendant as to his purpose to mutilate the picture, his reference to it as that of a particular individual, then and now much in the public mind and exciting strong antagonisms along with strong partisanship; and as showing the purpose to mutilate, and hence the purpose to shoot, it was competent, obviously, to show the fact of mutilation—that the bullet passed through the picture. So far no error was committed. And beyond this no testimony adduced bore at all on the question of the defendant's guilt. There was other testimony received going to show that the bullet made a large hole through the picture and through the glass of the window, onto which the picture was posted or placed; and that this was French plate glass. We may concede that this further testimony was irrelevant and that the court erred in allowing it to go to the jury. But as this evidence had no bearing upon the question of the guilt or innocence of the defendant, but went merely in aggravation of the offense; and as it manifestly had no effect in that direction upon the jury since they assessed the lowest punishment possible under the statute, it is at once clear that the error complained of in this connection was without injury to the defendant; and it can not, therefore, be availed of to reverse the judgment.—Code of 1896, § 4333.

The judgment of the circuit court must be affirmed.

Affirmed.