[Benton, Judge, et al. v. State, ex rel. City of Girard.]

# Benton, Judge, *et al. v.* State, *ex rel.* City of Girard.

## *Mandamus.*

### (Decided June 2, 1910.   52 South. 842.)

1. *Municipal Corporations; Public Roads; Streets.*—Where territory including a public road and bridge is incorporated into a city or town it is for the city to determine whether such road and bridge shall become or not become a thoroughfare in the city, and if they so determine such road and bridge becomes a street.

2. *Same; Streets; Special Assessment.*—A street is under the dominion and control of the city, and subject to the rights of the city to assess abutting property owners for its improvement.

3. *Same; Streets; Duty to Repair.*—The Commissioners' Court is not charged with the duty of laying out and keeping in repair the streets of a city in a county.

4. *Statutes; Subjects and Title; Constitutional Law.*—The provisions of section 21, Acts 1890-91, p. 42, to incorporate the city of Girard is not included in the title of the Act, and is invalid as violative of section 45 of the Constitution of 1901.

APPEAL from Russell Circuit Court.

Heard before Hon. M. SOLLIE.

Mandamus by the state on the relation of the city of Girard against H. T. Benton, judge of probate, and the commissioners court to compel them to repair and maintain a certain bridge in the city of Girard, and to do all things necessary to restore it to a condition of safety. From an order granting an alternate writ of mandamus, respondents appeal. Reversed and remanded.

GLENN & DEGRAFFENRIED, and TYSON, WILSON & MARTIN, for appellant. The appeal is clearly authorized by section 2843, Code 1907.—*Ex parte Campbell*, 130 Ala. 182; *State v. Crook*, 123 Ala. 657. In order to obtain mandamus, a clear right must be shown.—*Mosely v.*

*Collins,* 133 Ala. 326. No right can be founded on an unconstitutional statute.—*Norton v. Shelby County,* 118 U. S. 425; *Ex parte Seabold,* 100 U. S. 404; *C. W. & V. C. Co. v. People,* 214 Ill. 421. The right here asserted is grounded upon section 21, Acts 1890-91, p. 42, granting charter to Girard and said proviso is not clearly expressed in the title of the act, and hence, is void.—*Hamm v. State,* 156 Ala. 645 *Sanders v. Elmore County,* 117 Ala. 543; *State v. Miller,* 48 So. 496.

J. E. HENRY, for appellee. Counsel discusses the authorities cited by appellant in support of the proposition that the proviso was unconstitutional, but insists that the Commissioner's Court based its refusal to repair on the theory that the State Municipal Code repealed by implication the proviso referred to, and petitioner asserts that such repeal was not effective upon the familiar principle that when a specific subject has been especially provided for by law, this law will not be repealed by the subsequent law which deals with the general subject in a general way, unless the retention of the special law would deprive the general law of a legitimate field of operation.—*City of Birmingham v. Southern Ex. Co.,* 51 So. 159; *Parker v. Hubbard,* 64 Ala. 203; *Montg. v. B. & L. Assn.,* 108 Ala. 336; *Ivison v. State,* 52 Ala. 170; *McGruder v. The State,* 40 Ala. 349. Counsel also insist that the proviso is constitutional, and in support thereof cites.—*Bir. v. Starr,* 112 Ala. 98; *Smoot v. Wetumpka,* 24 Ala. 112; 2 Dillon on Munic. Corp. Secs. 1017, 1018 and 1083.

SIMPSON, J.—This appeal is from an order granting an alternative writ of mandamus to the judge of probate and members of the commissioners' court of Russell county, commanding them to take cognizance

and jurisdiction of the matter of repairing and maintaining a certain bridge known as "Windham Bridge," in the city of Girard, and to do all things necessary to restore said bridge to a condition of safety. The act of December 8, 1890 (Acts 1890-91, p. 42), entitled "An act to incorporate the city of Girard, Russell county," incorporates said city, and its twenty-first section is as follows: "Be it further enacted, that all bridges, public roads and streets, within the limits of said city of Girard shall be kept in repair and in order by said city; and all new bridges which may hereafter be established within the limits of said city, shall be established by said city, and kept in repair and in order by said city; provided, that all bridges within the limits of said city of Girard which have heretofore been kept in repair by the county shall be continued to be kept in repair or rebuilt, if necessary, by said county." The question raised by argument is whether or not the proviso in said section is valid, or is it invalid by reason of the fact that it is not included in the title of the act, in accordance with section 45 of the Constitution of 1901. This section of the Constitution has been much discussed, and it is unnecessary to recapitulate the many decisions bearing upon it.

While we will not undertake to say that the Legislature may not, in incorporating a city, except certain territory within the boundary lines of the city, leaving the same under the control of the commissioners' court of the county, yet it is familiar law that the city government and the county authorities have separate and distinct functions; also, that when a certain territory is incorporated into a city the general rule is that it is for the city to determine whether the public roads in that city shall or shall not become thoroughfares in the city, and if they so determine, said public roads then

become streets of the city. If a street, it is under the dominion and control of the city, subject to the rights of the city to assess abutting owners for its improvement, and for building sidewalks, etc. If it is a public road, it is the duty of. the commissioners' court to have it worked under the county system, without any sidewalks, and to build and keep in repair such bridges as are needed.

It is undoubtedly true, also, that as a general rule, when a certain territory is organized into a city, all of the land within its bounds becomes subject to the city's control and subject to its responsibilities, and that the commissioners' court is charged with the duty and responsibility of laying out and keeping in repair the public roads of the county, but not the streets of any city in the county.

It necessarily follows that when the title of the act refers only to the incorporation of a city, no one would suppose that a provision would be made by which the county would be required to keep up the streets or any portion thereof.

While it is true that the case of *State v. Miller,* 158 Ala. 59, 48 South. 496, and others therein cited refer to the payment by the county authorities of a portion of the money collected by taxation to the city, yet the principle is the same when the act requires the county authorities to use a certain part of the money of the county in building and repairing the bridges in the streets of the city. It will be noticed also that said section 21, is inconsistent, in providing, first, that "all bridges, public roads and streets, within the limits of said city of Girard shall be kept in repair and in order by said city," and afterwards including the proviso therein. If the duty rests on both the city and the county, it is difficult to see how the city could manda-

mus the county to do the work. However, on the authorities cited, we hold that the proviso is not included in the title of the act, and is therefore invalid. We are not to be understood as intimating an opinion as to whether mandamus would be the proper remedy if the act were valid.

The judgment of the court is reversed, and an order will be here entered, denying the writ and dismissing the petition.

·Reversed ·and rendered.

ANDERSON, MAYFIELD, and SAYRE, JJ., concur.