# Wiggins *v.* Skeggs, *et al.*

*Bill to Restrain Commissioner's Court from Issuing Warrants.*

(Decided Jan. 18, 1911.   Rehearing denied Feb. 16. 1911.
54 South. 756.)

1. *Municipal Corporations; Streets; Control.*—In the absence of legislative limitation the governing body of a city and not the commissioner's court of a county, has exclusive jurisdiction over streets within the city.

2. *Same; Statutory Provisions.*—Local Acts, 1898-9, p. 1170, did not eo instanti limit the jurisdiction of the city over one of its streets or convert it into a county road, and having been repealed by Local Acts 1901, p. 153, before the exercise of such authority, the county authorities could not subsequently contract for improvements of that street, as no re-enactment was necessary to place the street again within the jurisdiction of the city.

3. *Same; Streets; Nature.*—All highways in a city are streets as distinguished from county public roads.

4. *Highways; Control; Legislative Power.*—In the absence of constitutional restrictions, the legislation has inherent power to control highways, whether within or without the limits of the municipal corporation.

APPEAL from Morgan Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by M. D. Wiggins against William E. Skeggs and others. Judgment for respondents, and plaintiff appeals. Affirmed in part, and reversed and rendered in part.

Bill by a citizen and taxpayer against the judge of probate and commissioners' court of Morgan county, and the road contractors, restraining probate judge and court of county commissioners from issuing warrants or vouchers to the contractors for the payment of any funds from the treasury of the county for work being done within the corporate limits of New Decatur, in the building of the road under a contract with the commissioners' court, and for a perpetual injunction restraining the same.

ARTHUR L. BROWN, and TIDWELL & SAMPLE, for appellant. After a discussion of the charter of the city of New Decatur, and section 1359, Code 1907, it is insisted that the municipality obtained entire jurisdiction and control of the streets within its territorial limits.—*McCain v. The State,* 62 Ala. 138; 18 South. 388; 18 Tex. 878; 65 Ind. 404; 21 Ill. 609; 21 Ia. 413; Elliott on Roads and streets, 311, 315; 40 N. E. 97; 32 Pac. 897;

43 Atl. 432; 10 N. E. 566. Under these authorities, it is insisted that the court of County Commissioners were without authority to appropriate any money looking to the improvement or building of the streets within the municipality. The judge of probate was the proper party to the procedure.—Sec. 146, Code 1907. The appellant had a right to maintain the bill.—*Inge v. Mobile,* 135 Ala. 187; 22 Cyc. 897.

E. W. GODBEY, and TYSON, WILSON & MARTIN, for appellee. The legislature has sole jurisdiction primarily of all highways, including municipal thoroughfares.— *Perry v. N. O. etc. R. R. Co.* 55 Ala. 414; *So. Ry. Co. v. Albes,* 45 South. 234; 104 Fed. 836; 28 Cyc. 287-9; 2 Dill. Mun. Corp. sec. 683; Elliott on Roads and Streets, 311-315. The repeal of the Act of 1899, did not revive any portion of the city's charter inconsistent therewith which had been by it repealed.—*Rogers v. Tarbutt,* 58 Ala. 523; *Todd v. The State,* 85 Ala. 339; *Stewart v. The State,* 100 Ala. 1. The jurisdiction of the commissioner's court over public roads authorize them to improve those parts of the county roads leading to the courthouse that may be within incorporated boundaries.—Sec. 5767, Code 1907; *Weeks v. Bynum,* 48 South. 489; *Hill v. Bridges,* 6 Port. 197; *Matkin v. Marengo County,* 137 Ala. 164; *White v. Hewlett,* 144 Ala. 374; *Marks v. Jefferson County,* 119 Ala. 600; *State v. Mobile,* 5 Port. 279. Having failed to maintain this portion of the road within its boundaries while acting within its rights, the county, and not the city was liable for its maintenance. —*McCain v. The State,* 62 Ala. 138. Improvements of roads is a legitimate county purpose, regardless of where the control may rest in the future.—*Marks v. Jefferson County, supra;* 8 L. R. A. 55; L. R. A. 416. Any jurisdiction which the city (but for the act of February 21,

1899) might have had over any part of this road would not have ousted the jurisdiction of the Commissioners Court to make an appropriation to convert the county highway to the courthouse, from a dirt road into a pike. —*Lewis v. Laylin,* 23 N. E. Rep., 288; *Inhabitants v. Cumberland Co. Commissioners,* 26 Md., 406; *Duval Co. Commissioners v. City of Jacksonville,* 29 L. R. A., 419. *McCain v. State,* 62 Ala., 138; *Skinner v. Henderson,* 8 L. R. A., 55; *Bell v. Fouch,* 21 Iowa, 119; *Sparling v. Dwenger,* 60 Ind., 72; *Butman v. Fowler,* 17 Ohio, 101; *Baldwin v. Green,* 10 Mo., 410; *Skinner v. Henderson,* 8 L. R. A., 55 (57); *Bennington v. Smith,* 29 Vt., 254; *Knowles v. Muscatine,* 20 Iowa, 248; *Harkness v. Walso,* 26 Maine, 353; *Halsey v. People,* 84 Ill., 89.

ANDERSON, J.—The bill avers, and the fact is not disputed, that a part of the road in question is within the corporate limits of New Decatur. Such being the case, in the absence of legislative limitation or restriction, the municipality, and not the county commissioners, had the exclusive jurisdiction over same. All highways in a city or incorporated town are streets, as distinguished from a public county road.—*McCain v. State,* 62 Ala. 138. It is true the Legislature has the inherent power, in the absence of constitutional restriction, to control the highways of the state in or out of the limits of the municipal corporation; and it is insisted that Loc. Acts 1898-99, p. 1170, which is subsequent to the charter of New Decatur, designated so much of the road in question as a public road, and conferred the jurisdiction over same to the county commissioners, that said act repealed or amended the charter to this extent, and notwithstanding said act was repealed by Loc. Acts 1900-01, p. 153, the said charter was not revived, in this re-

spect, because of the existence of section 45 of the Constitution of 1901.

We do not think Loc. Acts 1898-99, p. 1170, operated eo instanti, as a limitation or qualification of the jurisdiction of the municipality, or converted the space in question into a public county road. It merely authorized the construction by the county commissioners of a system of macadamized roads, to be known as "county roads." It did not convert the streets or highways of New Decatur, into a county road, but merely authorized the county commissioners to build and construct a macadamized road on a part of one of said streets or highways of the municipality, and provided that it would become a county road when so built or constructed. It does not appear that said macadamized road was built or constructed, and the said act was repealed at the next session of the Legislature. Loc. Acts 1900-01, p. 153. It not appearing that the jurisdiction of the municipality over highways was ever disturbed or given to the county, exclusively or concurrently, so much of the road as is in question was not a public county road, and the improvement of which was not within the contemplation of the bond issue for the improvement of the public roads of the county, and the county commissioners had no authority to include in the contract any territory within the corporate limits of New Decatur.

The appellee contends, and cites some authorities in support of said contention, that the county commissioners and municipal authorities could both have jurisdiction to a certain extent and for certain purposes. It might be that this concurrent jurisdiction could be given by the Legislature, and that it was done, within the jurisdictions cited; but whether it was or was not fixed by the Legislature of these states, such conditions do not exist as to the road in question. Loc. Acts 1898-99, p.

1170, did not change or alter the corporate territory of New Decatur. It did not detach this part of the street therefrom, but merely made it a part of a public road in a certain event. This act having been repealed, no re-enactment was needed to place the strip back within the corporate bounds of New Decatur, as it was never taken therefrom by the terms of the act, and being therein, and no legislative control thereover was then existing in in the county, it was in no sense such a public road as is contemplated by Gen. Acts 1903, p. 90, which said act authorized the bond issue in question. Whether the Legislature could or could not authorize a concurrent jurisdiction over the highway we need not decide, as the only attempt to do so was by Loc. Acts 1898-99 p. 1170, and which said act had been repealed before the bond issue in question, and the strip was then within the exclusive control and jurisdiction of the city.—*McCain v. State, supra.*

The chancellor erred in holding that the bill of complaint was without equity, as well as to those grounds testing the right to include space in question within the contract for the construction of county roads. The decree in this respect is reversed, and one is here rendered overruling said demurrers.

Whether the bill does or does not make out a case of equity as to which road should be constructed first, the sworn answer, affidavits, and exhibits refuted the averments, and authorized the denial of the injunction in this particular, and the decree of the chancery court in this respect is affirmed.

The decree of the chancery court is reversed and rendered in part, and affirmed in part. The costs of this appeal will be equally divided between appellant and appellee.

Affirmed in part, and reversed and rendered.

SIMPSON, MAYFIELD, and SAYRE, JJ., concur.