(85 South. 425)

### CITY OF MOBILE v. HARKER.
### (1 Div. 118.)

(Supreme Court of Alabama.  Jan. 22, 1920.)

**1. Statutes ⊜⟶224—Meaning of words differ in different statutes.**

The extent of the meaning of words or phrases is not always the same, when used in different statutes relating to different subjects.

**2. Words and phrases—"Roads."**

The word "roads" applies generally to highways, and in its broader generic sense includes highways, streets and lanes (citing 7 Words & Phrases, First Series, pp. 6250-6252, 6684).

**3. Highways ⊜⟶96(1)—"Road," in statute relating to superintendent of public roads, held to include streets.**

The word "road," as used in Loc. Acts 1907, p. 727, §§ 2, 3, providing for the election of a superintendent of public roads and employment of convicts and his responsibility to board of commissioners, was intended to embrace thoroughfares, both outside and inside the city, which were covered by the act.

**4. Municipal corporations ⊜⟶761(1)—City liable for injury on sidewalk in "street" under control of county.**

The word "street," as used in Loc. Acts 1907, p. 727, § 1, divesting the city of Mobile of, and investing the county with, the control, management, and supervision of the streets named therein, was not intended to include sidewalks, which still remain under the control and supervision of the city, which remains liable for injuries arising from defects therein.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Street.]

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

Action by Laura C. G. Harker against the City of Mobile for damages for injuries sustained from a fall on the sidewalk. Judgment for plaintiff, and defendant appeals. Affirmed.

Robert H. Smith, of Mobile, for appellant.

The entire control of Catherine street was vested in the county of Mobile. Local Acts 1907, page 728; 180 Ala. 489, 61 South. 368; 133 Ala. 587, 32 South. 610; 171 Ala. 492, 54 South. 756; 172 Ala. 138, 54 South. 757; 168 Ala. 175, 52 South. 842. The local act above mentioned was not repealed by the Municipal Court Act.  Section 1241, Code 1907; 61 South. 368.

Harry T. Smith & Caffey, of Mobile, for appellee.

The local act included the roadway only, and is not to be construed so as to take away from the city the control over its sidewalks.  168 Ala. 175, 52 South. 842; 201 Ala. 568, 78 South. 964; 127 Wis. 1, 105 N. W. 654, 3 L. R. A. (N. S.) 84, 115 Am. St.

Rep. 977; 133 Ala. 587, 32 South. 610; 172 Ala. 138, 54 South. 757; 171 Ala. 492, 54 South. 756; Elliott on Roads and Streets, § 20; McQuillin, Mun. Corp. § 1286.

GARDNER, J.  Appellee sued appellant to recover damages for injuries sustained in a fall on the sidewalk of Catherine street, in the city of Mobile, as a result of a defect in the pavement, and from the judgment in her favor the city prosecutes this appeal.

The liability of the city is well established, and, indeed, not controverted, unless relieved therefrom by Loc. Acts 1907, p. 727, the title to which act is as follows:

"To provide for the more efficient working of the public roads in Mobile county, and certain streets and public thoroughfares in the city of Mobile; provide for the control, working, building, maintenance and improvement of the same by the board of revenue and road commissioners of Mobile county; to prescribe the duties and fix the authority of said board; provide for the levy and collection of a road tax, and the method of disbursing moneys necessary to carry out the provisions of this act, and provide penalties for violations of its provisions."

It is by virtue of section 1 of the act the city claims exemption from responsibility for any damages sustained by pedestrians on the sidewalk of Catherine street in said city, the provisions of which are as follows:

"Section 1. Be it enacted by the Legislature of Alabama, that the entire control, management and supervision of public roads in the county of Mobile, and of all streets within the city of Mobile, south of and including Virginia street, west of and including Catherine street, north of and including Davis avenue or Stone street, as far east as Marmatte street, and east of said street those streets and thoroughfares which lie north of One Mile creek are hereby lodged and vested in the board of revenue and road commissioners of Mobile county and said board shall have full and complete authority to provide for the repair, maintenance and improvement of the same, and to that end may, in addition to the fund realized from the 'road tax' herein provided for, set apart and appropriate such amount from the general fund collected under authority of the law, as said board may deem necessary to carry out the provisions of this act."

The foregoing section was under review in State ex rel. v. Bd. R. R. Comms. Mobile County, 180 Ala. 489, 61 South. 368, where it was held that by said act the city of Mobile was divested of the control, management, and supervision of the street named therein, just as if such had been the precise form of expression employed by the Legislature.

The plaintiff in the instant case sustained her injuries while upon the sidewalk of one of the streets named in the act, and the pre-

cise question here presented for consideration is whether or not the word "street," as used in said act, was intended to include the sidewalk or merely the roadway thereof—a question which was not presented or considered when this act was previously under review, as above stated. In City Council of Montgomery v. Foster, 133 Ala. 587, 32 South. 610, it was said:

"By authoritative definition, as well as common usage, the term 'street' applies to the whole public thoroughfare, including sidewalks; the latter constituting parts of the street reserved to pedestrians. * * * The term, however, may be employed to designate the way between sidewalks, and how it should be understood in a given case may depend on the connection in which it is used."

The same general rule is recognized in 3 McQuillin on Municipal Corporations, § 1286, as follows:

"Whether a statute relating to streets includes sidewalks is generally to be determined from the probable intent of the Legislature."

In Board of Public Wks. v. Hayden, 13 Colo. App. 36, 56 Pac. 201, numerous cases are cited illustrating when the word "street" may be construed to denote that part of a street which is devoted only to travel by means of vehicles. As, for instance, in Dickinson v. Worcester, 138 Mass. 555, it was said:

"Sidewalks are a part of the street, although the word 'street' is sometimes used to denote that part of the street which is devoted to carriage travel."

Another illustration is found in the case of Himmelmann v. Satterlee, 50 Cal. 68, wherein the resolution of the board was to the effect that Washington street "be macadamized and curbed with rosewood curbs ;" the holding being that the roadway only was meant, because by the language of the statute, and also in accordance with the usual acceptation of the term "macadamize," the resolution could be applicable to nothing but the roadway. And in Fielder v. Tipton, 149 Ala. 608, 42 South. 985, 8 L. R. A. (N. S.) 1268, 123 Am. St. Rep. 69, 13 Ann. Cas. 1012, is the following expression:

"The authorities sustain the proposition that a bicycle is a 'vehicle,' and that its proper place is upon the highway, *or the street proper* [italics supplied], and not upon the sidewalk"

—which also illustrates the question here considered.

[1, 2] It is well understood, of course, that words used in a statute often have divers meanings, depending upon the connection in which they are used. As said in the Harrington Case, 200 Ala. 480, 76 South. 422:

"The extent of the meaning of the words or phrases is not always the same, when used in different statutes relating to different subjects."

See, also, State ex rel., etc., v. Roberts, 203 Ala. 325, 83 South. 49.

So, also, in Board of Revenue of Jefferson County v. City of Birmingham, 172 Ala. 138, 54 South. 757, it was noted that the terms "streets, roads, and highways," as descriptive words, have been frequently used synonymously, citing 7 Words and Phrases, pp. 6250–6252, 6684; but the holding was that the word "road," as employed in section 215 of the Constitution, did not include streets in a city, although it is of course well understood that the word "roads" applies generally to highways, and in its broader generic sense includes highways, streets and lanes. Webster, International Dict.; Stokes v. County of Scott, 10 Iowa, 166; In re Sharett's Road, 8 Pa. 89. In Gaston v. State, 117 Ala. 162, 23 South. 682, it was held that a street of an incorporated town was within the language and intent of section 5354 of the Code of 1896, prescribing a penalty for shooting a gun in and across a public road.

So, then, the question arises as to the legislative intent in the use of the word "street" in the above-cited act, here under review. In determining the meaning of the word, not only should the language in which the word occurs be considered, but also the character of the subject with which it is connected. The difference between the public roads of a county and the streets of an incorporated town or city was well recognized by this court in McCain v. State, 62 Ala. 138, where it was said, to hold such public road, brought within the boundaries of an incorporated town, to be still under the jurisdiction of the court of county commissioners, would be very unnatural. And in Benton v. City of Girard, 168 Ala. 175, 52 South. 842, it was pointed out that the city government and the county authorities have separate and distinct functions, and that the duty of keeping in repair the public roads of the county rests with the commissioners' court, but not the streets of any city in the county. See, also, Wiggins v. Skeggs, 171 Ala. 492, 54 South. 756.

In State ex rel. City of Birmingham v. Bd. of Revenue, 201 Ala. 568, 78 South. 964, it was declared that, as a matter of common knowledge, public streets are generally materially different in construction and very differently maintained from public highways, usually constructed and maintained by the county, and while, of course, the word "highway" would include street in a broad sense, and the word "street" in its broader sense would include sidewalks, yet it was held in that case that the word "highway," as used in Gen. Acts 1915, p. 106, was not intended to include the sidewalks.

[3] Section 2 of the act here under review provides for the election of a superintendent of public roads, and section 3 for

the employment of county convicts on any part of the work, and further stipulates that the superintendent of public roads shall be directly responsible for each and every road within the jurisdiction of the board. We think that the word "road," in this connection, was intended to embrace the thoroughfares both outside and inside of the city, for it would not seem reasonable that the Legislature would hold the superintendent responsible for thoroughfares outside but not those within the city, although under the control and supervision of the county authorities. This indicates, therefore, that the words "road" and "street" were used synonymously in the act.

[4] Other sections of the act refer to the county road fund, the road tax, and the duty of certain persons to work the public roads, and, indeed, all the provisions of the act would indicate a legislative intent that the work be done as is customary and usual by the county authorities in keeping up the public thoroughfares or public roads ordinarily coming within the jurisdiction and control of the county. It is well known, of course, that the system of road work by the county authorities is not adaptable to the construction or maintenance of sidewalks in a city. That system applies to the working of public roads, and is of course adapted to the maintenance of that part of a street within a city which corresponds with the roadway used by vehicles. To hold that the act in question included sidewalks would therefore require the county authorities to adopt an entirely different system, would relieve the city of liability for defects in the sidewalks without imposing any liability therefor on the county, and render nugatory the power of the city, given by statutes, to improve the sidewalk by levying assessments upon the abutting property owners. Indeed, it would work a most radical change, and one which we are persuaded was not within the legislative intent by the enactment of this statute. Public thoroughfares within the city are ordinarily known as streets, and it was but natural, therefore, that these thoroughfares should be designated as "streets," so as to distinguish them from that part of the road which lies outside of the city limits.

The Legislature was speaking to the question of public thoroughfares in the county of Mobile, and certain other public thoroughfares within the city of Mobile, and we are persuaded that in using the word "street" it was intended merely to identify those thoroughfares within the city, and otherwise the words "road" and "street" were used synonymously. Therefore, when the language of the act is considered, as well as the subject with which it is connected, we are persuaded that the word "street," as

there used, was not intended to include sidewalks, but that the sidewalks of the streets named in the act still remain under the control and supervision of the city of Mobile, and as a consequence responsibility and liability for defects therein still rests upon the city.

It results that the judgment appealed from will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.