# Johnson v. The State.

*Prosecution for Shooting along or across a Public Road.*

1.  *Appeal from justice of the peace court; cause tried de novo.*—In
criminal cases, as in civil causes, on appeal from a judgment rendered
by a justice of the peace court, the trial is *de novo;* and inaccuracies
and imperfections in the proceedings before the justice can not be
considered either to dismiss the appeal or abate the prosecution.

2.  *Shooting across public road; what necessary for conviction.*—To au-
thorize a conviction in a prosecution for shooting across a public road

(Code, § 4095), it is necessary to prove that the road across which the shooting was done was a public road; and in the absence of this proof the court should, upon request, instruct the jury to find the defendant not guilty, if they believe all the evidence in the case.

APPEAL from the Criminal Court of Pike.

Tried before the Hon. WILLIAM H. PARKS.

The facts of the case are sufficiently stated in the opinion.

No counsel marked for appellant.

W. C. FITTS, Attorney-General, for the State.

McCLELLAN, J.—The defendant having appealed from the justice's · court to the criminal court of Pike county, the cause was in the latter court for trial *de novo*, without regard to any inaccuracies or imperfections in the proceedings before the justice.—*Tatum v. The State*, 66 Ala. 465; *Blankenshire v. The State*, 70 Ala. 10; Code §§ 4224, 4243; Acts 1888–9, pp. 631, *et seq.*, §§ 2, 3, 12. The motion of defendant to dismiss the appeal, &c., and his plea in abatement, each of which were based on alleged inaccuracies and imperfections in the proceedings before the justice, were, therefore, without merit.

The defendant is charged with the offense of shooting along or across a *public road*.—Code, § 4095. The bill of exceptions purports to set out all the evidence in the case. It contains no evidence that the road along or across which the shooting was done was *a public road*. The case was, therefore, not made out; and the trial court should have given the general affirmative charge to find the defendant not guilty, if the jury believed all the evidence in the case.

For the error committed in refusing this request, the judgment is reversed and the cause remanded.