# Ryan, Tres. v. Goodrich & Crinkley.

## Assumpsit.

(Decided April 5, 1917. 75 South. 17.)

1. **Municipal Corporations; Streets; County Commissioners; Powers; Improvement of City Streets.**—All highways in a city or incorporated town are streets, and in the absence of legislative limitation the municipality, and not the county commissioners, has exclusive jurisdiction over the same.

2. **Highways; Legislative Powers; Control of Highways of State.**—The Legislature has the inherent power, in the absence of constitutional restriction, to control the highways of the state in or out of the limits of a municipal corporation.

3. **Counties; Commissioners' Court; Powers; Improvement of City Streets; Payment.**—Prior to September, 1915, movents under orders of commissioners' court and under contract with the said commissioners made certain improvements within a city. In 1916 commissioners made an order allowing claims therefor. Later probate judge issued his warrant on county treasurer for the amount, which treasurer refused to pay. Acts 1915, p. 878, approved September, 1915, provides that courts of county commissioners can pay for construction of public improvements which may have been heretofore ordered by such court within a municipality within the county, and which remains unpaid because the commissioners or their predecessors had no authority to make such improvements. Held, that as services were rendered before approval of act, and warrants were issued in good faith, and county had received benefits, treasurer's refusal was unauthorized, and a summary judgment could be entered on appropriate motion.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

[Ryan, Treas. v. Goodrich & Crinkley.]

Assumpsit by Goodrich & Crinkley against T. R. Ryan as Treasurer of Morgan County. Judgment for plaintiffs and defendant appeals. Affirmed.

CALLAHAN & HARRIS for appellants. WERT & HUTSON for appellee.

THOMAS, J.—The cause was tried by the court without the intervention of a jury, and the trial resulted in a verdict for the plaintiffs.

Movents are the partners of the firm of Goodrich & Crinkley, and pray judgment against T. R. Ryan, as treasurer of Morgan county, for a fixed sum. The substance of the averments of the motion is that prior to September 28, 1915, and during the year 1909, the commissioners' court of said county duly ordered movents to improve a certain public road, to-wit, the Decatur and Somerville Pike, "within the corporate limits of the city of New Decatur, Morgan county, Ala..";  that such required improvements were duly made, "in accordance with the contract movents had with said commissioners' court;" that at its August term, 1909, said court accepted and approved said work, and passed and allowed the claim of movents therefor, amounting to the sum of $4,147.66; that at its November term, 1909, said court allowed the claim of movants, for the additional sum of $684.98, for work done on said pike road; that all of said improvements for which said claims were allowed were done and made on said road within the corporate limits of New Decatur; that in compliance with the order allowing said claims the probate judge of Morgan county issued his warrants Nos. 68 and 119, for $4,147.66 and $684.98, respectively, in payment of said claims; that said warrants were thereafter presented for payment to the treasurer of said county, but that payment thereof was refused, and is still refused, by said treasurer, on the ground that the court of county commissioners had no authority to make such improvements within said municipality; that thereafter, at its August term, 1916, said court passed a resolution or order reciting, in effect, the above detailed facts, with the further facts that said warrants aggregated the sum of $4,832.64, that they were issued in good faith, and that the county had received the benefit thereof, and thereupon ordering that "now, in accordance with the provisions of an act of the Legislature entitled 'An act

[Ryan, Treas. v. Goodrich & Crinkley.]

to authorize the courts of county commissioners, boards of reve-nue, or like officers of each county  *  *  *  to pay for the improvements or constructing of public roads  *  *  *  here-tofore ordered  *  *  *  by such court  *  *  *  which remains unpaid because such court  *  *  *  had no authority to order such improvements,' " etc., approved September 28, 1915, the movents should be and were thereby, allowed the said sum of $4,832.64 (they waiving interest) in payment of the warrants described, and the judge of probate should be, and he was thereby authorized to issue his warrant on the general fund of the county, in favor of movents, for $4,832.64.

It is the further averment of said motion that in compliance with said order said judge of probate of Morgan county issued to movents his warrant on the county treasurer for $4,832.64, payable out of the appropriate fund of the county, which said warrant, in turn, was refused payment on the ground that said court had no authority to order payment of the claims for which said warrant was issued.

The demurrer of respondent treasurer presented the question of the legality of said contract for improvements, as well as that of the validity of said several orders authorizing the issuance of warrants in payment of the claim for such work done; which demurrer was overruled.  The respondent treasurer thereupon filed his answer, alleging:

"That the warrant payment of which is sought to be en-forced was given and intended to cover the price for construct-ing public roads in the county of Morgan, which work was per-formed, or undertaken to be performed, under a contract previ-ously entered into between the county of Morgan, by and through its court of county commissioners, and the petitioners, and at the time of making said contract and the performance of said work and at the time of the issuance of the warrant here sought to be enforced the petitioners had failed to execute a bond payable to the probate judge of the court in an amount not less than twice the amount to be received by them for such work and conditioned upon the faithful performance of the contract and the discharge of their duties thereunder.  Respondent further avers that no such bond has ever been executed."

To this plea demurrer was sustained, on the ground that this was no answer in that the failure to give such bond would not invalidate the contract except at the option of the county com-

missioners; and that it was not shown by the plea that any objection to the failure of the movents to execute such bond, or any order requiring movents to make and file such bond, was ever made or entered by the commissioners' court, nor that said court did not order movements to make the improvements for which the warrants were issued and delivered.

By the act approved September 28, 1915 (Gen. Acts, p. 878), courts of county commissioners, or like officers, of the several counties of the state, were authorized "to pay for the improvements or constructing of public roads, public highways, bridges, crossways, culverts, viaducts or other public improvements which may have been heretofore [before the passage of this act] ordered made by such court of county commissioners, board of revenue," etc., in their respective counties, "or within any municipality within their county, and which remains unpaid, because such court of county commissioners," etc., or their predecessors, had no authority to make such improvements, "or for any other reason." By the terms of this act all laws in conflict were expressly repealed.

The last warrant on which the petition is based was authorized and ordered by the court of county commissioners on August 18, 1916, pursuant to the proviso of said act, reading as follows: "Provided that nothing herein shall be construed to authorize payment of such warrants hereafter issued. That only such warrants as have heretofore been issued and the court or board shall pass an order setting forth the fact that such warrants have been issued in good faith and that the county has received the benefit thereof."

We do not find that this act has been construed by this court. However, it is a clear, an unambiguous, expression or declaration of the legislative will, and of the intent to give it a retrospective effect.—*Barrington v. Barrington,* 198 Ala. Ala. 625, 76 South. 81, 73 South. 948; *State, ex rel, etc., v. Teasley,* 194 Ala. 574, 69 South. 723.

(1, 2) In *Wiggins v. Skeggs,* 171 Ala. 492, 495, 54 South. 756, Chief Justice ANDERSON said: "The bill avers, and the fact is not disputed, that a part of the road in question is within the corporate limits of New Decatur. Such being the case, in the absence of legislative limitation or restriction, the municipality, and not the county commissioners, had the exclusive jurisdiction over same. All highways in a city or incorporated town are

streets, as distinguished from a public county road.—*McCain v. State,* 62 Ala. 138.   It is true the Legislature has the inherent power, in the absence of constitutional restriction, to control the highways of the state in or out of the limits of the municipal corporation," etc.

(3) The act in question specifically provides for payment when such warrants have been issued in good faith and the county has received the benefit thereof.   It is fundamental that if the Legislature, in the absence of constitutional restriction, has the inherent power to control the highways of the state in both the urban and the rural sections thereof, it has the right to justly compensate, or to permit its government agencies—the counties—to so compensate, for services or materials, entering into the improvement or construction of such highways, for which the county has in good faith contracted, and ought to pay, and the benefit of which the county has received.—*Allen v. Intendant & Councilmen of LaFayette,* 89 Ala. 641, 8 South. 30, 9 L. R. A. 497; *Sales-Davis Co. v. Henderson-Boyd Lumber Co.,* 193 Ala. 172, 69 South. 527; *Board of Revenue of Covington County v. Merrill,* 193 Ala. 529, 68 South. 971.   The court of county commissioners was clothed with authority to issue the warrant, No. 6940; and a summary judgment by a court of competent jurisdiction may be entered on appropriate motion.

There was no error in overruling respondent's motion to strike that part of the showing for certain witnesses, as to the work done under the contract with the county, at the points indicated by the county superintendent or engineer in charge of the construction of the 27½ miles of road beginning within the municipality and extending to a distant point in the county near the top of Shoal Creek Mountain.—*Mobile County v. Linch,* 198 Ala. 57, 73 South. 423: *De Loach v. Robbins,* 102 Ala. 288, 14 South. 777, 48 Am. St. Rep. 46; *Strauss v. Meertief,* 64 Ala. 299, 38 Am. Rep. 8.   In *Union Pacific Railroad Co. v. Hall,* 91 U. S. 343, 23 L. Ed. 428, the words, "from," "to," and "at" were taken inclusively according to the subject-matter.   The justice said: "Instances are not rare in which statutes have been construed, not literally, but in accordance with the common use of the language employed by the lawmakers.   Authority to construct a railroad or turnpike from A. to B., or beginning at A. and running to B., is held to confer authority to commence the road at some point within A., and to end it at some point within B."—

*Rex. v. Norwich,* 1 Str. 179; *Turnpike Co. v. Coventry,* 10 Johns. (N. Y.) 389; *Mohawk Bridge Co. v. Utica,* 6 Paige (N. Y.) 554; *People v. R. Co.,* 15 Wend. (N. Y.) 130, 30 Am. Dec. 33; *Springfield v. Railroad Co.,* 4 Cush. (Mass.) 63; *Kendall v. Green,* 67 N. H. 567, 42 Atl. 178; *Smith v. Helmer,* 7 Barb. (N. Y.) 416; *T. & A. R. Co. v. Adams,* 40 Tenn. (3 Head) 596; 4 Words and Phrases, 2984.

There was no error in the ruling on this evidence as to witnesses Skeggs, Hardage, Crinkley, and Boyd. The case of *Wilcox v. San Jose Co.,* 113 Ala. 519, 21 South. 376, 59 Am. St. Rep. 135, was only to the effect that after a case has been submitted to the court on an agreed statement of facts, the court cannot, without setting aside the submission, allow one party, over objection, to introduce additional facts. In the case of *Prestwood v. Watson,* 111 Ala. 604, 20 South. 600, the Chief Justice declared that where a former trial of the case was had on a statement of the facts, reduced to writing, admitted by the parties in open court to be true, if by its terms it is not limited, and is an unqualified admission of facts, it is receivable on any subsequent trial between the parties.—*Sibley v. Smith,* 167 Ala. 158, 52 South. 27.

There was no error in the ruling of the trial court admitting the showing for witnesses Skeggs, Hardage, Crinkley, and Boyd. The evidence was not within the purview of the rule declared in the *Wilcox* and *Prestwood Cases,* and did not contradict the agreed statement of facts. The petition, with the evidence in support thereof, makes a case under the terms of the act of September 28, 1915, and the judgment of the lower court is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.