(84 South. 297)

STATE ex rel. TATE v. ONE LEXINGTON AUTOMOBILE. (6 Div. 926.)

(Supreme Court of Alabama. Nov. 27, 1919.)

1. INTOXICATING LIQUORS ⬤⟞251—BURDEN ON CLAIMANT OF PROPERTY SEIZED IN USE VIOLATIVE OF PROHIBITION ACT.

Where bona fide mortgagee or vendor in conditional sale contract by intervention seeks to establish superior right in property seized in use prohibited by Shaw Prohibition Act, he must aver in his pleading or claim, and establish by his evidence, that he did not have notice of unlawful use of his property when seized, and by the exercise of reasonable diligence could not have obtained knowledge or notice.

2. INTOXICATING LIQUORS ⬤⟞251—PLEADING OF INTERVENER FOR AUTOMOBILE SEIZED UNDER PROHIBITION ACT SUFFICIENT.

Pleading of intervener in proceedings by state under the Shaw Prohibition Act for sale of automobile seized in use for transportation of intoxicating liquor *held* properly to set up the superior title or claim of the intervener, conditional vendor of the car to the taxicab operator whose chauffeur was driving it for customers when the seizure was made on account of such customers carrying suit cases full of liquor.

3. INTOXICATING LIQUORS ⬤⟞251 — EVIDENCE HELD NOT TO DISCHARGE BURDEN ON CLAIMANT OF AUTOMOBILE SEIZED.

In proceedings by the state under the Shaw Prohibition Act for condemnation of automobile used in transportation of intoxicants, evidence for the intervening claimant of the car, its

conditional vendor to the taxicab operator whose chauffeur was driving it at the time of the seizure for customers who had liquor in their possession, *held* insufficient to discharge intervener's burden of proof to show it had no knowledge or notice of illicit use and could not by reasonable diligence have obtained it.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Proceeding by the State of Alabama, on the relation of J. R. Tate, Solicitor, against One Lexington Automobile, alleged to have been used by one Hubert Harrison and others for the illegal conveyance of intoxicating liquors, with intervention by the Denegre Car & Truck Company under retention title notes in the car. From an adverse decree, the State appeals. Reversed and remanded.

J. Q. Smith, Atty. Gen., and Horace Wilkinson, Asst. Atty. Gen., for appellant. The court fell into error in placing the burden on the state to show that the seller could not have obtained notice of the use to which the car was put by the exercise of reasonable diligence. This must be averred in the claim and proven by a claimant. Baldwin v. Casella, 7 Law Reports, 325; 1 Moody & Malakin, 433.

Nenian L. Steele, of Birmingham, for appellee. No brief reached the Reporter.

THOMAS, J. The question is: If a dealer disposes of an automobile on a conditional sale contract for the purpose of being operated as a taxicab by the purchaser or another, and in such operation it is used for the illegal transportation of liquors and is seized while so used, can the seller assert a valid claim thereto and prevent its forfeiture to the state without averring and proving that he did everything reasonably possible to prevent the car's use in violation of the statute, or that by the exercise of reasonable diligence he could not have discovered and prevented the illegal use of the car?

This court has construed certain of the provisions of section 13 of the Shaw Prohibition Act (Gen. Acts 1919, pp. 6, 13) in State v. Hughes, 82 South. 104,[1] and Maples v. State, 82 South. 183.[2] In the Hughes Case the father intrusted a mule to his son for the purpose of going to the mill, and while in his possession for this lawful purpose the son used the mule for the purpose of transporting contraband liquors without the knowledge or consent of the father. Held, there could be no forfeiture of the animal under such facts. In Maples v. State, 82 South. 183, 184, 185,[2] Mr. Justice Gardner aptly observed:

"The reasoning in the Hughes Case is directly applicable to such a situation, and therefore

[1] Ante, p. 90.    [2] Ante, p. 153.

such bona fide mortgagee, innocent of, or without fault as to, any illegal use of the property, will be protected in the establishment of such superior right."

[1] Where a bona fide mortgagee, or such vendor in a conditional sale contract, by intervention seeks to establish his superior right, title, and ownership in property seized in its use that is prohibited and condemned by the statute, he must aver in his pleading, or claim and establish by his evidence, that he did not have notice of the unlawful use of his property to which it was subjected when seized, and by the exercise of reasonable diligence could not have obtained knowledge or notice of such illegal use and prevented the same. Under the statute in question it is expressly provided that no replevin or detinue writ may be employed to retake possession of such seized property pending the forfeiture suit, but any party claiming a superior right may intervene by petition in said suit and have his claim adjudicated, what, then, is a "claim" of an intervener that is protected by the court under this statute? Its further provision answers that—

"Both the court in condemnation proceedings and the said officer on advertisement shall sell the right of all interested persons in and to said conveyances, vehicles and other property who aided or assisted in the illegal transportation or who had knowledge or notice thereof, or could by reasonable diligence have obtained knowledge or notice thereof." Frazier v. State, ante, p. 276, 82 South. 526.

Thus is the burden of proof rested, or rather is shifted, by statute to the intervener; that is, when there was a seizure of a "conveyance or vehicle of transportation" while in the act of the "illegal conveying of any prohibited liquors or beverages," the burden of proof is cast by the statute on the intervening owner or claimant (1) to establish his superior title thereto, and (2) to prove that he had "no knowledge or notice" of the illegal use of the vehicle or could not "by reasonable diligence have obtained knowledge or notice thereof" to prevent that illegal use. Claimant's pleading contains such material averment, assumes the burden of proof, and must support it by the evidence.

The agreed statement of facts averred admits the lease sale contract with one John Young by which the title to the car was reserved to the seller; that at that time the said Young was known to the Denegre Car & Truck Company as a citizen of good character; that said automobile was delivered to him on, to wit, the 7th day of January, 1919, under said instrument in writing for the purpose of being used and operated by him as a taxicab for the carriage of passengers for hire in the city of Birmingham, Ala., said operation to be conducted by said John Young personally or by such chauffeurs as he

might employ; that pursuant to said transaction said John Young placed said automobile for taxicab service in the city of Birmingham and employed one Hubert Harrison as a chauffeur to operate the same; that on, to wit, the 26th day of February, 1919, the said Hubert Harrison was operating said automobile in that city as a taxicab for said John Young and as a chauffeur for him; that on, to wit, said date, said automobile, in the charge and control of said John Young and the said Hubert Harrison, was standing at 1812 Fourth avenue, in the city of Birmingham, at the Pan Taxi Company's place of business when said company received a call over the telephone to send a taxicab to a café opposite the terminal station in the city of Birmingham, for the purpose of transporting two passengers to some point in said city; that the Pan Taxicab Company is a trade-name under which the said John Young operated a taxicab business in the city of Birmingham; that pursuant to said call over the telephone the said Hubert Harrison was directed and authorized by the said John Young to proceed with said automobile to said café, where he procured two passengers who informed him that they desired to be carried to 2103 Sixth avenue, in the city of Birmingham; that at said time said passengers had three suit cases which were closed; that pursuant to their request they were accepted as passengers together with their baggage, consisting of three suit cases, and were transported in said automobile to 2103 Sixth avenue, and on approaching the number in question said passengers directed Hubert Harrison to drive to the rear of said place, which he did, and stopped for the purpose of allowing the passengers to alight; that upon said passengers alighting they proceeded to unload the said baggage from said automobile and passed same through the back fence of the rear of No. 2103 Sixth avenue, and as they were in this act a constable in that county seized said suit cases, said automobile, and one of said passengers, the other passenger having escaped. The suit cases in question contained a quantity of prohibited liquors and beverages which had been transported in said automobile from the café to the point of seizure.

It is further admitted as a fact:

That "said John Young and said Denegre Car & Truck Company, nor any of its officers or agents, did not have any notice or knowledge of the fact that said suit cases contained prohibited liquors or beverages at any time prior to the time they were seized by the constable as aforesaid; that at the time said passengers were accepted for transportation and said suit cases loaded in said automobile the same were locked and the contents thereof were not exhibited to the chauffeur, the said Hubert Harrison, but he knew when said passengers were accepted for carriage that the suit cases contained prohibited liquors and that on an occasion shortly previous to this time the said Hubert Harrison had knowingly transported liquors in violation of law, in this same automobile, in the city of Birmingham, Ala., for one of the passengers, which fact was not known to the said John Young or the Denegre Car & Truck Company, or any of its officers or agents."

It is further admitted:

That the said constable, J. E. Matlock, did then and there seize the said automobile which is now in the custody of this court and subject to its orders and decrees; "that since the delivery of the said automobile by the said Denegre Car & Truck Company to the said John Young, on to wit, the 7th day of January, 1919, the said John Young and the said Denegre Car & Truck Company, nor any officer nor agent thereof, have not done anything to investigate the way and manner in which the automobile was being operated nor the character of the persons operating the same, except that it and they knew that it was being operated for hire as a public taxicab in the city of Birmingham, Ala.;" that there is now due and payable on said sale contract the sum of $1,162.52; that "said John Young was not in default of any payment due on said automobile at the time the prohibited liquors were transported therein; that said automobile has not been in the possession of or under the control of the said Denegre Car & Truck Company, or any of its officers or agents, since it was delivered to the said John Young on, to wit, the 7th day of January, 1919."

[2, 3] We are of opinion that the pleading of intervener duly and properly sets up its superior title or claim, but that the burden of proof declared by the statute has not been discharged by intervener. This results in a reversal of the judgment of the circuit court in equity.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.