(84 South. 813)

STATE v. CROSSWHITE.　(6 Div. 954.)

(Supreme Court of Alabama.　Jan. 15, 1920.)

1. INTOXICATING LIQUORS ⬅=251 — PETITION OF CLAIMANT FOR AUTOMOBILE SOUGHT TO BE CONDEMNED MUST NEGATIVE KNOWLEDGE OF ILLEGAL USE.

Petition of mortgage claimant of automobile sought to be condemned for use in transporting intoxicants held defective in failing to aver the absence when mortgage was executed, of knowledge by claimant of mortgagor's design so to use the car, and in failing to negative knowledge or such notice as reasonable care would have given claimant mortgagee.

2. INTOXICATING LIQUORS ⬅=251—CLAIMANT OF CAR SOUGHT TO BE CONDEMNED HAD BURDEN TO PROVE LACK OF KNOWLEDGE.

Mortgage claimant of automobile sought to be condemned for use in transporting intoxicants had the burden to prove that at execution of the mortgage he had no knowledge of the intended illegal use, etc., despite failure of state to object to claimant's petition, defective in such respects.

3. INTOXICATING LIQUORS ⬅=251—EVIDENCE HELD INSUFFICIENT TO SHOW CLAIMANT MORTGAGEE'S INVESTIGATION.

Testimony of mortgagee claimant of automobile sought to be condemned for use in transporting intoxicants held insufficient to show that reasonable investigation by him at execution of the mortgage would not have given notice of the intended illegal use of the car.

4. INTOXICATING LIQUORS ⬅=251—REGISTRATION OF CLAIMANT'S MORTGAGE NOT ESSENTIAL TO HIS RIGHT.

On mortgagee's claim for car sought to be condemned for use in transferring intoxicants, though registration of mortgage for record is appropriate evidence to show good faith of transaction, such registration is not essential to establishment of mortgagee's bona fide superior right to state's.

5. INTOXICATING LIQUORS ⬅=252 — DECREE FOR RETURN OF CAR TO CLAIMANT MORTGAGEE FOR FORECLOSURE ERRONEOUS.

On claim of mortgagee of car sought to be condemned for use in transporting intoxicants, at time of seizure and trial the offending owner having the equity of redemption, mortgage not having been foreclosed after law day had passed, decree delivering possession to claimant for foreclosure of his mortgage and payment of any excess over debt to register of court, was erroneous as not affecting the right of the offending owner, as required.

6. INTOXICATING LIQUORS ⬅=251 — REPUTATION OF OFFENDING OWNER ADMISSIBLE IN PROCEEDINGS TO CONDEMN MORTGAGED CAR.

On mortgagee's claim for car sought to be condemned for use in transporting intoxicants, reputation of the offending owner with respect to being a "bootlegger" in the town of his and claimant's residence held admissible on issue of notice to claimant on execution of mortgage.

Appeal from Circuit Court, Winston County; T. L. Sowell, Judge.

Bill by the State against Priestly Trimble to condemn one Ford automobile because engaged in illegally transporting prohibited liquor, with intervention and claim by George W. Crosswhite of superior right to the car by virtue of a mortgage. Judgment for claimant, and the State appeals. Reversed and remanded.

J. Q. Smith, Atty. Gen., J. M. Pennington, Sol., of Jasper, and Chester Tubb, of Haleyville, for appellant. No brief came to the Reporter.

Travis Williams, of Russellville, for appellee. No brief came to the Reporter.

McCLELLAN, J. This proceeding resulted from the arrest of one Trimble and the seizure by the sheriff of Winston county of a Ford automobile in which there was a large quantity of forbidden liquors. In virtue of the power and authority conferred by section 13 of the Shaw Bill (Gen. Acts 1919, pp. 13–15), the state sought, by petition, the condemnation and sale of this automobile or the interest of said Trimble therein. This feature of the law has been considered in State v. Hughes, 82 South. 104,[1] in Maples v. State, 82 South. 183,[2] and in State v. One Lexington Automobile, 84 South. 297,[3] decided November 27, 1919. Reference to these decisions, in interpretation, construction, and application of this feature of the Shaw Bill, will suffice for present purposes.

In the case last cited it was held, conformably to the requirements of the statute as correctly interpreted, that where a mortgagee or a vendor in a conditional sale would assert a "superior right" to the subject of the seizure under the authority of the act noted "he must aver in his pleading or claim and establish by his evidence that he did not have notice of the unlawful use" of the property, and also that "by the exercise of reasonable diligence could not have obtained knowledge or notice of such illegal use and prevented the same." The petition by Crosswhite undertook to assert a superior right in himself through a mortgage on this property executed by Trimble to him on March 1, 1919, given to secure a promissory note, likewise executed, due April 1, 1919. The seizure was

———————

⬅=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Ante, p. 90.　　　[2] Ante, p. 153.　　　[3] Ante, p. 506.

effected on March 17, 1919. The petition filed by Crosswhite averred the absence of all knowledge or notice on claimant's part that the property was being used for illegal purposes, and denied any character of participation in such use of the automobile.

[1, 2] The petition was defective in failing to aver the absence, at the time the mortgage was executed, of knowledge by claimant of any design on Trimble's part to use the automobile for such unlawful purposes, as well in failing to negative knowledge or such notice that the exercise of reasonable diligence in the premises would have brought to claimant. State v. One Lexington Auto., supra. The demurrer to the petition of the claimant did not, however, take these objections to the petition. When the matter in issue came to be proven, the law exacted proof, negative in a sense, by the claimant of these essentials to the establishment of a superior right in claimant, notwithstanding the failure of the state to take appropriate objection to the thus defective petition of claimant. The evidence offered by the claimant did not conform to these exactions of the statute, cited ante. The full force of claimant's evidence is disclosed by a quotation from claimant's testimony:

"I had no knowledge or notice of any kind whatsoever that Priestly Trimble was going to use the car for hauling liquor, or was using it in the liquor business in any way. I did not consent for the car to be so used. * * * I did not know that Trimble had been hauling whisky in the car before that night. I won't say that Priestly Trimble has the reputation of being a bootlegger and a whisky dealer in Haleyville."

[3] This testimony did not go to show that the exercise of reasonable diligence by claimant would not have developed knowledge or notice either of Trimble's purpose or design to use the car in the unlawful transportation, etc., of prohibited liquors at the time the mortgage was taken by claimant, or subsequent to the execution of the mortgage, and before this seizure, in time to have prevented the unlawful use for which the seizure was made; that the exercise of reasonable diligence would not have developed knowledge or notice of Trimble's actual use of this car in an unlawful manner, or of his purpose or design so to do—this, as stated, in time to have prevented the particular use for which the seizure was made. The court, therefore, erred in vindicating claimant's asserted "superior right" in the car.

[4] While the registration of a mortgage for record is appropriate as evidence tending to show the bona fides of the transaction of which the mortgage is a part, yet such registration is not essential to the establishment of a bona fide "superior right" in the premises; but, on the other hand, the failure seasonably to file the mortgage for record is evidence, not conclusive of course, to be considered in determining the bona fides of the claimant's asserted "superior right."

[5] If the decree vindicating the claimant's "superior right" was otherwise well founded, it was affected with error in the particular that it directed the delivery of the automobile to the claimant, to the end that the claimant might foreclose the mortgage and providing that any excess, above the mortgage debt, derived from the foreclosure sale should be paid to the register of the court. The law intends and requires the sale, under condemnation, of any interest, right, or claim of the offending person in the property seized. At the time of the seizure and at the time of the trial Trimble had the equity of redemption in the automobile in question, the mortgage not having been foreclosed after its law day (April 1, 1919) had passed.

[6] The state sought to show the reputation of Trimble with respect to his being a "bootlegger" or "whisky dealer" in or about Haleyville, the place of residence of both Trimble and claimant. On objection by claimant, the court excluded the question designed to elicit evidence to the effect indicated. Where notice of a fact, otherwise proven, is material to the issues, the notoriety of the existence of such fact in the community in which the party sought to be charged with notice thereof resides is original evidence, predicable, however, only of the fact the notoriety of which is sought to be shown; the evidential, but rebuttable, presumption being that a notoriously known fact will come to the notice or knowledge of a resident of the community in which such fact is so notoriously known. Price v. Mazange, 31 Ala. 701, 706–708, overruling Elliott v. State, 26 Ala. 78, on this point and restoring the integrity of the rule set down in Ward v. Herndon, 5 Porter, 382; Henry v. Brown, 143 Ala. 446, 458, 459, 39 South. 325. In Kuglar v. Garner, 74 Ga. p. 768, other authorities to the same effect are noted. It is well to observe that reputation is not, itself, the equivalent of notoriety, within the rule.

The decree is reversed, and the cause or proceeding is remanded for another hearing upon the issues litigable between the state and the claimant.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.