(85 South. 28)

STATE v. MERRILL. (7 Div. 31.)

(Supreme Court of Alabama. Jan. 15, 1920.)

1. INTOXICATING LIQUORS ⬤➡134 — WHISKY, MOONSHINE WHISKY, OR CORN WHISKY PROHIBITED WITHIN STATUTE PROVIDING FOR CONFISCATING TRANSPORTING VEHICLES; "PROHIBITED LIQUORS AND BEVERAGES."

"Whisky," "moonshine whisky," or "corn whisky" are within the expression "prohibited liquors and beverages," as defined in the general prohibition laws of the state (Gen. Laws 1919, p. 6).

2. INTOXICATING LIQUORS ⬤➡251—INTERVENING OWNER OF VEHICLE MUST ESTABLISH TITLE AND LACK OF KNOWLEDGE OF USE.

Upon seizure of an automobile for illegal transportation of intoxicating liquors, under Gen. Laws 1919, pp. 6, 13, and 14, the burden of proof is upon the intervening owner to establish his superior title thereto and to prove no knowledge or notice of its illegal use, and that he could not by reasonable diligence have obtained knowledge or notice thereof to prevent such illegal use.

3. INTOXICATING LIQUORS ⬤➡251—EVIDENCE HELD TO SHOW OWNER OF AUTOMOBILE HAD LIQUOR IN HIS MACHINE.

In a proceeding to condemn an automobile because used in the unlawful transportation of intoxicating liquors, in which the owner intervened as claimant, evidence *held* to show that its owner did have liquor in his possession and on his person while driving the machine.

4. INTOXICATING LIQUORS ⬤➡251 — BURDEN NOT ON STATE TO SHOW CONDEMNED AUTOMOBILE WAS USED IN TRANSPORTATION OF LIQUORS.

In an action to condemn an automobile for use in unlawful transportation of intoxicating liquors, the burden is not upon the state to show that the liquors were being conveyed for another over or along a public street or highway, and that the owner, intervening as claimant, aided, assisted, or had knowledge or notice thereof.

5. INTOXICATING LIQUORS ⬤➡247—UNLAWFUL TRANSPORTATION ON ONE'S PERSON HELD TO SUBJECT HIS AUTOMOBILE TO CONDEMNATION.

In view of Gen. Laws 1919, pp. 7, 13, §§ 2, 13, and Gen. Acts 1915, p. 27, § 24, the unlawful transportation of liquor on one's person in his own automobile over any part of the state, whether it be a public way or not, is sufficient for its condemnation by the state.

6. INTOXICATING LIQUORS ⬤➡251 — PARTY CLAIMING AUTOMOBILE MUST INTERVENE IN CONDEMNATION PROCEEDINGS.

Where the wife of intervener, claiming an automobile which the state sought to condemn for unlawful transportation of intoxicating liquors, did not set up her right, title, or interest to the extent of purchase money advanced by intervention as required by statute, where she had legal notice of the condemnation proceeding, *held* that, in the state of the pleadings, her interest, if any, was concluded by the decree (Gen. Laws 1919, p. 13, § 13).

7. APPEAL AND ERROR ⬤➡1009(1)—FINDING OF FACT ON HEARING WITNESSES GIVEN EFFECT OF VERDICT.

Where the trial judge in equity suit heard and observed the witnesses upon ore tenus examination in open court, the finding of fact is entitled to and given the effect of a verdict.

---

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Circuit Court, Shelby County; Hugh D. Merrill, Judge.

Bill by the State of Alabama to condemn one Winton Six touring automobile and the prohibited liquors therein contained, found in the possession of Bob Merrill. From the decree rendered, complainant appeals. Affirmed in part, reversed and rendered in part, and remanded. In response to the bill Will Newell intervened, and claimed an automobile wire wheel and tire which he claimed was loaned to Bob Merrill and which was seized with the car.

J. Q. Smith, Atty. Gen., and Longshore, Koenig & Longshore, of Columbiana, for the State. Sections 2 and 13 of the Bone Dry Law are intended to cover just the case made by the evidence, and the court erred in denying relief.

Leeper, Haynes & Wallace and I. L. Saxon, all of Columbiana, for appellee. Nothing can be added to the exhaustive opinion of the trial court, and we call the court's attention to said opinion.

THOMAS, J. The suit in equity by the prosecuting officer of the county for the condemnation of the Winton Six touring automobile, No. 30042, resulted in a decree for intervener asserting ownership therein.

[1] The act approved January 25, 1919 (Laws 1919, p. 6), to further suppress the evils of intemperance, to restrict the receipt, possession, and delivery of spirituous, vinous, malted, fermented, or other intoxicating or prohibited liquors and beverages, and fixing punishment and penalties, contains the following provisions: Section 2. That it shall be unlawful for any person "to carry" any of the prohibited liquors or beverages, or to have in possession or possess in this state any of the said prohibited liquors and beverages, in any quantity whatsoever, except wine or cordial made from grapes or other fruits, when these are grown by the person making the same for his own domestic use, upon his own premises, and kept thereon, and not in excess of the quantity and within the time permitted by the act. In section 13 of the act it is provided:

"That all conveyances and vehicles of transportation of any kind, whether on the waters of the state, under the water, on land or in the air, which have been or are used for the illegal conveying of any prohibited liquors or beverages, into this state, or from one point in the state to another point within the state, including any animals that may be hitched to any vehicle so illegally used, together with all harness and other accessories employed in such illegal transportation, shall be contraband and be forfeited to the state of Alabama, and shall be seized by any sheriff or other arresting officer or any other person acting under authority of law in the enforcement of the prohibition laws of the state, who becomes cognizant of the facts or who finds liquor in such conveyance or vehicle being illegally transported as aforesaid." Gen. Laws 1919, pp. 6, 13.

The prohibited liquors and beverages designated in the act are such as are defined by existing laws, and also:

"All liquors, liquids, drinks or beverages, made in imitation of or intended as a substitute for, beer, ale, rum, gin, whisky or for any other alcoholic, spirituous, vinous or malt liquor; and further, that any liquor, drink or liquid made or used for beverage purposes containing any alcohol, shall be deemed an alcoholic liquor, within the meaning of the term 'prohibited liquors and beverages' as defined in this act in connection with the existing prohibition laws of Alabama." Section 1.

Respective references are made to the liquids or beverages carried by the occupant or occupants of said car as "whisky," "moonshine whisky," or "corn whisky." Such liquors are within the expression "prohibited liquors and beverages," as defined by the general prohibition laws of the state.

[2] This court recently said of the burden of proof in condemnation proceedings under the terms of the act approved January 25, 1919 (Gen. Laws, pp. 6, 13, 14), in State of Alabama ex rel. Jos. R. Tate, Sol., v. One Lexington Automobile, ante, p. 506, 84 South. 297, that—

On a "seizure of a 'conveyance or vehicle of transportation' while in the act of the 'illegal conveying of any prohibited liquors or beverages,' the burden of proof is cast by the statute on the intervening owner or claimant (1) to establish his superior title thereto, and (2) to prove that he had 'no knowledge or notice' of the illegal use of the vehicle or could not 'by reasonable diligence have obtained knowledge or notice thereof' to prevent that illegal use."

See further and more recent statement of the rule in State v. Crosswhite, ante, p. 586, 84 South. 813.

[3, 4] The evidence is without conflict that the Winton Six touring automobile in question, sought by the instant bill to be condemned, was in the possession of its owner, Bob Merrill, and being driven along a "road" in the county of Shelby and "at the L. & N. Depot" in Columbiana, within the state of Alabama; that the only other occupant of the car at the time of seizure was one Connell, who had a quart of moonshine corn whisky in his pocket, and as he alighted at the time the car was intercepted broke the same over the door of the car; that Connell had the whisky in his pocket as the car proceeded along the road, did not remove it from his pocket or otherwise deposit it in the car, and that the owner did not know, while Connell was an occupant of the car, that he had whisky in his pocket. The evidence fails to show that said owner made inquiry of Con-

nell of the nature or character of the contents of the package he carried at the time of becoming or being an occupant of the car.

An analysis of the testimony of the several witnesses discloses that, of the state's witnesses, Moon and McGhee testified positively that defendant, Merrill, had prohibited liquor at the time he alighted from the car, and as he was to be searched by the officers at the time of seizure threw the bottle containing whisky onto the edge of the road, where it was later found by said officers. State witness Moon testified that officer Horton was about 12 feet away when the search was made; that Merrill did not then "throw the bottle," but did throw it just as witness "started up to search him." A witness for defendant or intervener testified he was one of the deputies assisting in making the arrests and seizure; was about 10 feet from defendant while he was being searched and saw the officers "when they searched him"; that was all; that if he threw any bottle away witness did not see him do so.

Defendant's witness Connell corroborated defendant in the fact that the latter had no whisky on the occasion in question; gave as the reason for such statement that he "spent with him the night before and had some whisky and we were very dry the next morning, and he didn't offer me (witness) anything to drink"; that witness also had whisky that night and did not offer defendant "anything either." This witness further testified he had whisky when they got to the L. & N. Depot at Columbiana, at the time of the arrests and seizure; that witness did not know Merrill had whisky and the latter did not know witness had whisky; that witness kept it a secret from his companion for the reason he "didn't want it drunk up," and "wasn't going to take any chances on" its consumption. We are not impressed with the conclusions of this witness that the defendant, Merrill, had no whisky on the occasion mentioned. So much for the respective tendencies of the evidence.

In the decree it is declared of the tendency of the state's evidence that the owner of the car, Merrill, "had in his possession pint bottle with corn whisky in it, which was thrown by him in some honeysuckle vines near the road and was afterwards found by the officers who seized the car"; and of that for the defendant it tended to show "he did not have any whisky in his possession immediately before or at the time of the seizure of the car, and that he had no knowledge that Connell had whisky in his possession." The decree contains the further statement:

"Conceding that the state's contention is correct that the defendant, Merrill, had whisky in his possession immediately before or at the time of the seizure of the automobile, I do not think that it should be condemned under the well-established rule for the construction of penal statutes. The burden is upon the state to reasonably satisfy the court, not only that the automobile was used for conveying prohibited liquors or beverages, but that said liquors were being conveyed by the defendant, Merrill, *for another*, or that he aided or assisted in such unlawful use, or had knowledge or notice thereof, or could by reasonable diligence have obtained knowledge or notice thereof. * * * It may be conceded * * * that Merrill had knowledge of the fact that Connell had a quart of whisky in his possession, yet the state has not made out its case, because it does not show by the evidence that the prohibited liquors or beverages were being conveyed or transported *over or along any public street or highway*. The evidence shows that the automobile was seized while going along a road in Columbiana. The testimony fails to show that it was a public street or highway. The burden is upon the state to show that the prohibited liquors were being conveyed along a public street or public road." (Italics supplied.)

The trial court rests the conclusion on Johnson v. State, 105 Ala. 113, 114, 17 South. 99, where the prosecution was for shooting along or across a public road and had resulted in conviction. The conclusion there reached was in consonance with rules of criminal procedure applicable to a conviction for the statutory offense there in question. The statutes under which the instant condemnation is sought are not subject to the burden of proof that the act of transportation must have been on or along a designated public place, as was declared to be the law governing in Johnson's Case. The burden of proof of intervener after seizure is that recently announced in State v. One Lexington Automobile, supra, and in State v. Crosswhite, supra.

[5] Appellee insists that since section 13 (Gen. Laws 1919, p. 13) does not define by its terms what is meant by expressions "illegal conveying," or illegal transportation of prohibited liquors or beverages, that though defendant was conveying in his car a prohibited liquor along "the road" in this state for himself or another, no offense was shown to have been committed, unless it was also shown that such road was a public highway. If we look to section 24 of the Bonner Act to ascertain if such phrase or phrases are there defined (Gen. Acts 1915, § 24, pp. 8, 27), the provision is that it shall be unlawful for any person, whether a common carrier or not, to accept from another for shipment, transportation, or delivery or to ship or deliver prohibited liquors for or to another, or to convey or transport the same over or along any public street or highway for another. Such provision is not all-comprehensive as to place, ownership, or character of transportation of prohibited liquors or beverages. By section 2 of the Shaw Prohibition Act (Gen. Laws 1919, p. 7), it is made unlawful for any carrier, or

other person, association, or combination of persons, to "carry" any prohibited liquors or beverages in any quantity whatsoever, regardless of the point, within or without the state, or "to accept the delivery of or to receive, have in possession, or possess in this state, any of said prohibited liquors and beverages as defined by this act or the existing laws of the state of Alabama, in any quantity whatsoever." No doubt it was the legislative intent, given expression in the recent enactment, to supplement the provision of section 24 of the Bonner Act in such wise as to forbid the possession, receipt, and carriage of prohibited liquors or beverages by or for any person at any public or private place; that is, liquors or beverages that were not within the exceptions provided in the act. Section 2 of Act.

Under such recent amendment of the prohibition laws, declaring forfeiture and providing for condemnation of vehicles, conveyances, animals, and accessories employed in the transportation of prohibited liquors and beverages denied by the statute, it is not such transportation only on, along, or across a public road or highway, by a person for himself or for another, that is denied, but of such unlawful transportation that is conducted "on the waters of the state, under the water, on land or in the air" (Gen. Acts 1919, p. 6, § 13); that is to say, while transportation of prohibited liquors and beverages is denied across or along a public street or highway, an unlawful transportation thereof is also prohibited at every other point on, over, or under any portion of the geographic limits of this state. The learned circuit judge was in error in his construction of the prohibition laws as to the places where prohibited transportation of said liquors and beverages was denied, whether transported by the owner, or for another.

As to the intervention of intervener, Newell, claiming the one wire automobile wheel and the tire attached thereto, described as a part of the car in question at the time of its seizure, the evidence establishes his ownership and right to the possession thereof.

[6] There was testimony tending to show that the wife of the defendant, Merrill, claimed an interest or trust in the car to the extent of the purchase moneys advanced by her and paid thereon in its purchase. Mrs. Merrill did not set up her right, title, or interest therein by intervention, as was required by statute. She had legal notice of the pendency of the bill for condemnation. Gen. Laws 1919, § 13, p. 13; Maples v. State, 82 South. 183;[1] State v. One Lexington Automobile, supra. In the state of the pleadings, her interest therein, if such she had, is concluded by the decree in question. State v. Crosswhite, supra. It is unnecessary that we discuss the evidence tending to shed light upon the bona fides of her claim.

[7] The testimony was heard and witnesses observed by the trial judge when the testimony was given ore tenus in open court; the finding of fact in such cases is entitled to and given the effect of a verdict by a jury. Ray v. Watkins, 85 South. 25.[2] From a careful inspection of the evidence, we are of opinion that the decree from which the appeal is prosecuted is erroneous. The trial court misconstrued the legal effect of the statute having application.

We are of opinion that the decree of the circuit court, in equity, be and is affirmed in part as to the intervener, Newell, and on remandment an appropriate order be made for the delivery to him of the wire wheel and tire in question; that said decree be reversed and rendered in part, and a judgment of condemnation is now rendered for condemnation of the Winton Six touring automobile No. 30042, found in the possession of defendant, Bob Merrill, on said occasion; that the cause be remanded to the trial court, for the execution of the decree of condemnation by a sale of said automobile. The appellee is taxed with the costs.

Affirmed in part, reversed and rendered in part, and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.

---

[1] Ante, p. 153.

203 ALA.—44

[2] Ante, p. 683.