(85 South. 266)

## WISE v. STATE.   (4 Div. 860.)

(Supreme Court of Alabama.   Feb. 12, 1920.)

**Intoxicating liquors** &#9758;251—**Mortgagee of automobile seized for transporting liquor held entitled thereto.**

Where the state seized a mortgaged automobile engaged in transporting unlawful liquors for purpose of condemnation, and the property embraced in the mortgage was of less value than the amount due thereon, the forfeiture to the state was only the right of the mortgagor, or owner, which, in such case, was only his equity of redemption, and court erred in ordering car sold to highest bidder and that all costs and expenses be first deducted out of the proceeds of sale and the balance turned over to claimant mortgagee; the latter being entitled to protection as to the whole of the property, under Acts 1919, p. 6, § 13.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Bill by the State, on the relation of the solicitor to confiscate one Buick automobile, seized in the possession of Judge Smith, engaged in transporting unlawful liquors, claimed by Lee Wise. From the decree entered, claimant appeals. Reversed and remanded.

The bill was filed by the state through its solicitor in the circuit court of Barbour county, equity docket, for the condemnation of one Buick automobile owned by one Smith, and in which was found a small quantity of prohibited liquors.

Lee Wise filed a petition in said condemnation proceedings seeking an intervention to propound his claim as a superior claim to the automobile seized, as provided by section 13 of the Act of 1919 (Acts 1919, p. 6), which claim was based upon a past-due and unforeclosed mortgage on said car executed by said Smith to secure the sum of $900; the value of the car being $400.

The cause was tried upon oral proof in open court.

The court found that the automobile had been used for the illegal transportation of whisky, and declared the same to be forfeited to the state, "subject to the lien of said Lee Wise," and ordered the car sold by the sheriff to the highest bidder after due advertisement; and that all costs and expenses be first deducted out of the proceeds of sale, and the balance turned over to petitioner as a credit on his mortgage.

McDowell & McDowell, of Eufaula, for appellant.

Counsel insist that under section 13, p. 13, Acts 1919, if the whole property is confiscated to the state, it is a denial to the intervener of the whole, and not of a part, and that therefore the order entered was erroneous.

J. Q. Smith, Atty. Gen., for the State.

No brief came to the reporter.

GARDNER, J. (after stating the facts as above). The order of the trial court forfeiting the car was made "subject to the lien of Lee Wise," the petitioner, and provided that out of the proceeds of a sale of the car, after the payment of all costs and expenses, and one-fourth of the amount to the officer making the seizure, the balance be paid to said Wise as a credit on his mortgage against the owner of the car. The judgment therefore discloses that, to the satisfaction of the trial judge, petitioner had sufficiently acquitted

─────────

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

himself as a bona fide mortgagee, innocent of and without fault as to any illegal use of the car, and therefore entitled to the protection of the court in the assertion of a superior claim thereto.

The forfeiture to the state therefore, under these circumstances, could only be the right of the mortgagor or owner of the car in and to the property seized [section 13, Acts 1919, p. 6; State v. Crosswhite, 84 South. 813,[1] present term], which, in the instant case, was his equity of redemption. The property embraced in the mortgage was of less value than the amount concededly due thereon, and the mortgagee being held innocent was entitled to protection as to the whole of the property and not to a part thereof, as is the result of the judgment rendered. As previously stated, all that is left for sale in such a case is the right of the offending person, the owner here, in and to the car. This right is but an equity of redemption, and whether of any value is not a matter with which we are here concerned; but, in any event, this equity alone is what, under such conditions, is to be forfeited and condemned, and out of a sale of which the costs and expenses are to be deducted. If such equity brings nothing at the sale, then there is no fund out of which can be carved such costs. In this manner the superior right of an innocent mortgagee is protected and unaffected by the proceedings.

The judgment will therefore be reversed, and the cause remanded that the proper order may be entered.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.

---

⏤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes