(89 South. 545)

CLEMENTS et al. v. STATE ex rel. SANFORD. (7 Div. 211.)

(Supreme Court of Alabama.   June 23, 1921. Rehearing Denied July 15, 1921.)

Intoxicating liquors ☜247—Vehicle used in intrastate carriage of liquors may be condemned.

An automobile used anywhere within the state in the intrastate carriage of prohibited liquors may be condemned under Laws 1919, p. 6, §§ 2, 13, in view of Gen. Acts 1915, p. 8, §§ 4, 5, 16, 24, Gen. Acts 1919, pp. 6, 7, 13, and that without adverting to the rule of legislative construction that such laws be liberally construed (Acts 1915, p. 35, § 37; Acts 1919, p. 17, § 19).

Appeal from Circuit Court, Calhoun County; J. P. Agee, Judge.

Bill by the State of Alabama, on the relation of J. B. Sanford, against W. E. Clements and one Ford automobile, to condemn said automobile because used in illegally transporting prohibited liquors. From a decree for condemnation, defendants appeal. Affirmed.

Merrill & Allen, of Anniston, for appellants.

The provisions of Acts 1919, p. 6, does not authorize the conclusion reached in the Merrill Case reported in 203 Ala. 686, 85 South. 28. Words of the statute must be taken in their ordinary sense in arriving at the intention of the Legislature. 146 Ala. 198, 40 South. 205, 3 L. R. A. (N. S.) 822.

Harwell G. Davis, Atty. Gen., and Henry P. White, Asst. Atty. Gen., for appellee.

The court properly interpreted the prohibition law as to transporting liquor illegally in the case of State v. Merrill, 203 Ala. 686, 85 South. 28.

THOMAS, J.   It is conceded by counsel for appellant that if the decision in State v. Merrill, 203 Ala. 686, 85 South. 28, is a correct definition of an illegal conveying of prohibited liquors, the judgment of the circuit court must be affirmed; otherwise stated, since the statute does not define an unlawful carrying of prohibited liquors, such words of the statute have no meaning and can be given no effect.

The statute defines what is an unlawful receipt or keeping for sale (Gen. Acts 1915, § 4, p. 9; Maisel v. State, 17 Ala. App. 12, 81 South. 348), unlawful possession (State v. Crosswhite, 203 Ala. 586, 84 South. 813; Jones v. State, 17 Ala. App. 444, 85 South. 839; Gen. Acts 1915, § 16, p. 13), or unlawful delivery of prohibited liquors (Gen. Acts 1915, § 5, p. 9). The expression of illegal

or unlawful carrying or transportation of such prohibited liquors must be defined in connection with the scope and purpose of the prohibition laws of which it is a part (Gen. Acts 1919, pp. 6, 7, 13) or supplemental thereto (Gen. Acts 1915, pp. 8, 27).

In Re One Ford Automobile, 87 South. 842–843,[1] the court said of the right of seizure under the statute (without a violation of the provisions of section 5 of the Constitution) of a vehicle used in transporting prohibited liquors from one point within the state to another point in the state:

"A similar constitutional question was raised in Maples v. State, 203 Ala. 153, 82 South. 183, and there the court, quoting the act in so far as it provides that the sheriff or arresting officer 'who becomes cognizant of the facts or who finds liquor in such conveyance or vehicle being illegally transported as aforesaid' shall seize the vehicle, said: 'Clearly, this is not a violation of such constitutional provision.' But in that case the automobile, when seized, was being used for the transportation of prohibited liquors. No doubt, prohibited liquors, the receipt or possession of which in any quantity, with exceptions not material in this connection, is denounced as a misdemeanor, may be seized without a warrant, for such liquors are per se contraband. But whether property not per se contraband, and not found in such use as to make it contraband, may be seized without a warrant, or, if the order of the court in this cause may be deemed a warrant, whether such warrant may be issued by any court without probable cause, supported by oath or affirmation, are questions we need not decide, for the reason that this case may be determined on the other point."

In Maples v. State, supra, Mr. Justice Gardner states:

"The automobile was seized in Cullman county by the sheriff of said county, while the same was in the actual possession of respondents—the property of one or both of them—and that when so seized it was being used for the transportation of prohibited liquors or beverages from one point to another within the state, contrary to law."

The judgment of condemnation was affirmed.

The "unlawful" act of any person carrying prohibited liquors or beverages within the state, or from a point without the state to a point within the state, is within the reasonable purview of section 2 of the Act of January 25, 1919, when read in connection with the other provisions of the prohibition laws, and especially in connection with the provisions for condemnation. Section 13 places the interdiction and condemnation by the statute upon intrastate carriage of prohibited liquors as well as against and upon an interstate carriage of the same. It is provided that—

_____
[1] 205 Ala. 193.

"All conveyances and vehicles of transportation of any kind, whether on the waters of the state, under the water, on land or in the air, which have been or are used for the illegal conveying of any prohibited liquors or beverages, into this state, or from one point in the state to another point within the state, including any animals that may be hitched to any vehicle so illegally used, together with all harness and other accessories employed in such illegal transportation, shall be contraband and be forfeited to the state of Alabama, and shall be seized by any sheriff or other arresting officer or any other person acting under authority of law in the enforcement of the prohibition laws of the state, who becomes cognizant of the facts or who finds liquor in such conveyance or vehicle being illegally transported as aforesaid. * * * That any contraband vehicles, including automobiles, heretofore seized under existing laws, as having been used in the unlawful transportation of any prohibitive liquor, may be condemned and sold, or may be otherwise disposed of under the procedure prescribed by this act as the case may require, and the proceeds of sale be distributed and applied to and for the purpose herein prescribed. * * * In cases of all contraband property, under the laws of Alabama, growing out of prohibitory laws or their enforcement, there shall be a remedy by bill filed in the name of the state by the officer or other person in accordance with any provisions of this or other prohibitory acts in the name of the state, to secure a decree, sale and distribution of the proceeds in accordance with the provisions of this act. This clause being adopted to provide a remedy in all cases, to secure the disposition, sale or destruction of contraband property, because of a violation of any prohibitory laws." Acts 1919, § 13, pp. 13, 14.

"It shall be unlawful for any person, firm, corporation or association, whether a common carrier or not, to accept from another for shipment, transportation or delivery, or to ship, transport or deliver for another said prohibited liquors or beverages or any of them, when received at one point, place or locality in this state, to be shipped or transported to or delivered to another person, firm or corporation at another point, place or locality in this state, or to convey or transport over or along any public street or highway any of such prohibited liquors for another, and any person violating any provision of this section shall be guilty of a misdemeanor, but the provisions of this section shall not apply to those transporting and delivering to druggists and physicians such alcohol as they are permitted by the laws of the state to sell or dispose of in accordance with the statutory regulations upon that subject." Acts 1915, § 24, p. 27.

In Merrill's Case the two acts were construed together as one system or legislative purpose, to suppress the evils of intemperance. The holdings in State v. Hughes, 203 Ala. 90, 82 South. 104 (intrastate use); Maples v. State, supra (intrastate use); Frazier v. State, 203 Ala. 276, 82 South. 526 (no use made of car); State v. One Lexington Auto., 203 Ala. 506, 84 South. 297; State v. Crosswhite, 203 Ala. 586, 84 South. 813 (intrastate

use); In re Gattina, One Ford Auto., v. State, 203 Ala. 517, 84 South. 760; State v. Merrill, supra (intrastate use); Wise v. State, 204 Ala. 84, 85 South. 266 (intrastate use); State v. One Paige Auto., 204 Ala. 44, 85 South. 276 (interstate use); Bowling v. State, 204 Ala. 405, 85 South. 500 (intrastate use); One Packard Auto v. State, 204 Ala. 435, 86 South. 21 (intrastate use); In re One Ford Auto., supra (intrastate carriage)—were on the assumption that a transportation or carriage of prohibited liquors into or within the state was within the purview of the statute.

And it is not necessary to advert to the rule of legislative construction declared that such laws be liberally construed. Acts 1915, § 37, p. 35; Acts 1919, § 19, p. 17. Nor is it necessary to advert to the analogy in the holding that the words "from," "to," and "at," contained in the resolution of the county board of revenue, providing for the improvement of the designated public road from New Decatur to the mountain, be construed with the common use of the language of the lawmakers, and to mean "within" the city and beyond its corporate limits to the top of the mountain. Ryan, Tr., v. Goodrich & Crinkley, 199 Ala. 642, 75 South. 17; U. P. R. R. Co. v. Hall & Morse, 91 U. S. 343, 23 L. Ed. 428. It is sufficient to say that the expressed purpose of the prohibition statutes forbids the carriage of prohibited liquors within the state, and we have no desire to depart from the construction heretofore given the statute.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.